## Cox v Fraley.

FRAUDULENT CONVEYANCE—The fact of a grantor being embarrassed, is no proof that a conveyance is fraudulent.

CREDITORS—*Preference.*—If acting in *good faith*, a debtor may pay or secure one creditor in preference to another.

The mere *allegation* of a general creditor that he owns a valid claim, will not authorize him to go into a court of equity to prevent other creditors, who have been more vigilant than himself, in recovering against a failing firm.

DEMURRER.—Where there is no equity in the bill, a party is not aggrieved by rulings upon minor points.

*Appeal from Independence Circuit Court.*

HON. ELISHA BAXTER, Circuit Judge.

*Byers & Cox*, for appellant.

1. The demurrer should have been stricken out. The causes assigned were general in terms and extended *to the whole Bill.* The only causes assigned being *multifariousness* and *want of equity.*

The filing of the plea was a waiver of the demurrer, the demurrer being to the whole bill.

The cross bill was not multifarious.

*1 Danl. Ch. Pl. & Pr. 343, 344 and notes; 1 Danl. Ch. Pl. & Pr., 345, 348 and notes; 5 Paige Rep. 77; Adams' Eq. 650 and notes.*

A demurrer for multifariousness goes to the whole bill.

*1 Danl. Ch. Pl. & Pr., 352, note 2; 5 Paige 79; Adams Eqt. 655 and note.*

Allegations of fraud in the bill precludes demurrer.

*1 Danl. Ch. Pl. & Pr. 333; Adams Eqt. 696, 7 and notes; Niles et al. v. Anderson et al., 5 How (Miss.) R. 365; Stovall v. Northern Bank Miss., 5 Smeads & M., 17.*

A court of equity has the right to declare acts, and every

kind of instruments, void for fraud, even though sanctioned by the most solemn forms of the law. It may, for this cause, avoid legislative acts. *4 Har. & McHenry, 6.*

Judgments of courts of record:

*1 John. Ch. Rep. 406; 3 John. Ch. Rep. 280; 3 Des. Rep. 368; 2 Cowen Rep. 139; Cooper's Eqt. 96; 1 Ves. 120; 1 Sch. & Lef. 355; Mitford's Pleading, 84; 1 Monroe, 256; 3 Monroe, 260: 2 J. J. Marshall, 405; 1 Pirtle 460.*

Deeds or patents:

*White v. Jones, 1 Wash. 47; Jackson v. Lawton, 10 John. R. 23; Polk's lessee v. Wendall, 2 Tenn. 155; Bagnell v. Broderick, 13 Peters, 436.* And of bonds, notes and bills of exchange, the cases are innumerable.

The exercise of this power is all that is asked on the present occasion.

A purchaser, *pendente lite*, and while the property is actually in the *custody of the law* (as was the case here by Fraley and wife; the property having been attached and in the possession of the sheriff and custody of the law at the time they purchased) is utterly void, and no title whatever is acquired. *Meux v. Anthony et al., 11 Ark. 411.*

The purchaser, *pendente lite*, takes nothing by his contract, not even in a case where he pays full value and has no actual notice of the pendency of the suit. *Ib.*

An attachment levied upon property constitutes a lien from the time of the seizure, of which all persons are bound to take notice. *Merrick v. Fenno, 15 Ark. 331; Frelison v. Green 19 Ark. 376.*

The purchase of this property, by Fraley and wife, was after the seizure by the sheriff, under the attachment, consequently they were bound to take notice of the attachment lien; and in addition to this the cross bill charges that they had actual notice of the fraud of the makers of the note and mortgage, and of the appellant's lien.

*Garland & Nash*, for appellees.

We submit that there was no shadow of equity in the cross
bill, and not a semblance of defense in the answer of Cox, and
that however the conclusion was reached, the decree was cor-
rect. See *Civil Code, sec. 370.*

Admitting that the mortgage was fraudulent, Cox had no
right to come into a court of chancery to have it set aside,
until he had recovered a judgment on his claim. *Mohawk
Bank v. Stawler, 2 Page 57; Lawton & Levy, 2 Eden
Chy. 12, 199; Hendricks v. Robinson, 2 Johns. Chy. 296; Brink-
erhoff v. Brown, 4 Ib. 671; Williams v. Brown, Ib. 682; North
American Fire Ins. Co. v. Graham, 3 Sandf. 197; Halbert v.
Grant, 4 Monroe 580; Allen v. Camp, 1 Ib. 231; Graser v. Stell-
wayen, 25 N. Y. 315.*

Cox being a creditor at large of Burns, had no concern with
his fraud. *Wiggins v. Armstrong, 2 J. C. 144.* And still less
could he here interfere without connecting Fraley and wife
with the fraud. *·17 Ark. 146.*

Not only should Cox have shown that he had *judgment*, but
also that he had *execution* returned *nulla bona. Meux v. An-
thony, 11 Ark. 411; Williams v. Bizzell, Ib. 718; Cook v. Cook,
12 Ark. 387; King v. Payan, 18 Ib. 589.*

The writ of attachment was no proof of the debt. *Currier
v. Ford, 26 Ill. 488; Hall v. Stryker, 29 Barb. 105.*

The attachment of Cox could hold, subject to this mortgage,
but certainly not to delay or interfere with the mortgage at
all. The mortgage must be foreclosed, and what is remain-
ing after satisfying that, will go to Cox's debt under the
attachment. *Leaman v. Stoughten, 8 Barb. Chy. 344; Dodge v.
McClure, 6 Hill (N. Y.) 9.*

GREGG, J.

On the 7th of May, 1868, the appellees brought their suit,
in equity, against Benjamin E. Burns, James F. Jordan and

Stephen M. Henley, to foreclose a mortgage executed by them upon a portable steam engine and apparatus, to Jesse H. Henley, and by him assigned to Mrs. Fraley.

Upon petition, the appellant was made a defendant, and for answer to the bill, he alleged that the note, to secure the payment of which the mortgage was given, was executed without consideration; that it and the mortgage were given to delay and defraud creditors, etc., and that the mortgagors were indebted to him, and that his equities were known to Fraley and wife before they purchased the note and mortgage.

On motion of the complainants, the court struck the answer from the files. The appellant excepted, and then filed a cross bill. After several motions and the forming of some immaterial issues, the court sustained a demurrer to the material parts of the cross bill.

Upon the hearing, a final decree was rendered against the original defendants, foreclosing their equity of redemption, etc., and Cox only excepted and appealed to this court.

There is no proof of fraud on the part of B. E. Burns & Co., in executing the note and mortgage. This court has repeatedly held that the fact of grantor being embarrassed is no proof that a conveyance is fraudulent. *Splawn v. Martin, 17 Ark., 146; Dardenne v. Hardwick, 9 Ark., 482; Hempstead v. Johnson, 18 Ark., 124.*

If acting in good faith, a debtor may pay or secure one creditor in preference to another. *Huff v. Roane, 22 Ark., 184; Williams v. Buzzard, 11 Ark., 718; Cook v. Cook, 12 Ark., 387; King v. Payne, 18 Ark., 589.*

But there was no issue in this cause presenting that question, which the appellant seemed to be seeking to raise.

The object of the bill was to foreclose the equity of redemption of Burns & Co, and have the property sold to satisfy a debt against them. The appellant was a general creditor of that firm, and had no interest whatever in the property mortgaged and no more right to inforce his demand against it than any other creditor had. If he attached the property, it was

after the execution and recording of the mortgage, and with a full knowledge of the existing lien. This he had a legal right to do, and if the value of the property was greater than the amount due under the mortgage, he can have the excess applied toward the payment of any judgment he may obtain; but a *mere obligation* that he owned a *valid claim* against Burns & Co., did not authorize him to come into a court of equity and set up fraud to prevent other creditors, who had been more vigilant than himself, from recovering against a failing firm. Appellant showed no interest in the property, and no claim even reduced to judgment; and there was no error in sustaining the demurrer to the material allegations in his cross bill. And if there was no equity in appellant's cross bill, and we are clearly of opinion there was none, he was not aggrieved upon any ruling of minor points in the cause, as the final decree would, of necessity, have been against him. Certainly no small amount of the time of the court below was consumed in motions that did not go to the real merits of the cause.

Finding no error in the final decree of the court below, the same is in all things affirmed, with costs.